# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW V. RODRIGUEZ, Petitioner, v. R. LOPEZ, Respondent. / | 1:11-cv-00329-DLB (HC) ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY [Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

RELEVANT HISTORY

On October 1, 2008, a second-amended information was filed in the Tulare County Superior Court, charging Petitioner with five separate counts arising from two different incidents. (Lod. Doc. 1.) In Count One, Petitioner was charged with attempted first-degree residential robbery from the immediate presence of T.R. (Cal. Penal Code[1] § 664/211). (Id. at 2.) In Count Two, Petitioner was charged with residential burglary of a dwelling occupied by T.R. and J.H. (§ 459). (Id.) In Count Three, Petitioner was charged with grand theft by taking a laptop and cell phone belonging to I.M. (§ 487(a)). (Id. at 3.) In Count Four, Petitioner was charged with the second-degree robbery of A.L. (§ 211). (Id. at 3.) In Count Five, Petitioner was

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

charged with second-degree robbery of M.S. (§ 211). (Id. at 4.) It was further alleged as to all five counts that Petitioner had a prior juvenile adjudication for robbery within the meaning of California's Three Strikes law (§§ 667(b)-(i), 1170.12(a)-(d)). (Id. at 2-5.)

On January 16, 2009, Petitioner entered a no contest plea to all five counts and the prior strike allegation in exchange for a low-term sentence of nine years and four months. (Lod. Doc. 2 at 1-7.) By accepting the plea, Petitioner avoided a potential mid-term sentence of thirteen years and four months and a maximum upper-term sentence of seventeen years and four months. (Lod. Doc. 4 at 3.)

On March 11, 2009, Petitioner was sentenced to an aggregate low-term sentence of nine years and four months in compliance with his plea. The sentence was imposed as follows: a four year term on count 2 as the principal offense-representing the low-term doubled pursuant to the Three Strikes law; plus consecutive sentences-representing one-third the mid-term doubled, of one year and four months on count 3; two years on count 4, and two years on count 5. (Lod. Doc. 5 at 1.) The court stayed the oue-year term on count 1 pursuant to section 654. (Id.) Petitioner waived the right to appeal at the sentencing hearing. (Lod. Doc. 4 at 6.) Consequently, a notice of appeal was never filed. Thus, Petitioner's state court conviction became final sixty days later on May 10, 2009.

On December 1, 2009, Petitioner filed a habeas corpus petition, along with a motion to reduce the restitution fine, in the Tulare County Superior Court. (Lod. Doc. 6 at 7.) Petitioner raised the following two claims: (1) the use of his prior nonjury juvenile adjudication for robbery to impose an enhancement under the Three Strikes law violated his constitutional right to a jury trial under Apprendi; and (2) the use of the prior adjudication violated his right to a jury trial under Cunningham. (Lod. Doc. 6 at 8-13.) On December 3, 2009, the superior court granted Petitioner's motion to reduce the restitution fine but otherwise denied the habeas petition on the merits. (Lod. Doc. 8 at 1-2.)

On February 16, 2010, Petitioner filed a habeas corpus petition in the California Court of Appeal raising both claims he presented in the first petition. (Lod. Doc. 10 at 4, 12-17.)[2] Petitioner also claimed the Tulare County Superior Court erroneously denied his petition because trial counsel failed to timely advise him of the facts and law in support of his claims and, had counsel done so, he would have filed a notice of appeal raising these claims. (Lod. Doc. 10 at 6, 8.)

On February 26, 2010, the California Court of Appeal denied the petition "without prejudice" on procedural grounds pursuant to In re Walker, 10 Cal.3d 764, 773-75 (1974), because Petitioner's failure to file a notice of appeal precluded him from raising issues which could have been raised on appeal. (Lod. Doc. 11.) The appellate court further found that this procedural bar was not excused by Petitioner's claim that his counsel was ineffective for failing to advise him of the underlying issues because under Roe v. Flores-Ortega, 528 U.S. 470 (2000), such knowledge is not required in order to file a notice of appeal. (Lod. Doc. 11.)

On May 6, 2010, Petitioner filed a habeas petition in the California Supreme Court. (Lod. Doc. 12.) Petitioner raised the same claims as the prior petitions and also argued the California Court of Appeal erroneously denied his petition on procedural grounds because his failure to file a timely notice of appeal was excused by his counsel's ineffectiveness for failing to challenge the alleged unlawful sentence or advising him of the ramifications of accepting the terms of the plea. (Lod. Doc. 12 at 6, 7-12.) On November 23, 2010, the California Supreme Court summarily denied the petition. (Lod. Doc. 13.)

Petitioner filed the instant petition for writ of habeas corpus on February 25, 2011. Respondent filed an answer to the petition on May 26, 2011. Petitioner filed a traverse on August 9, 2011.

[2] Respondent added page numbers 1 through 30 to the petition for ease of reference.

DISCUSSION

I. Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Tulare County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II. Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131

S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, __ U.S. __, 129 S.Ct. 1411, 1419 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, __ U.S. __, 131 S.Ct. 733, 737 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

III. Violation of Right to Jury Trial Under Apprendi

Petitioner contends that the use of his prior juvenile adjudication for robbery to enhance his sentence under California's Three Strikes law violated his right to a jury trial under Apprendi. Petitioner reasons that juvenile proceedings in California do not allow for a jury trial. Because the California Supreme Court summarily denied the petition, this Court looks through that decision and presumes it adopted the reasoning of the California Court of Appeal which issued the last reasoned decision rejecting the claim on procedural grounds for failing to pursue it on direct appeal. (Lod. Doc. 10, at 3, 12-16.)

A. Procedural Bar

A federal court will not review claims in a petition for writ of habeas corpus if the state court denied relief on those claims based on a state law procedural ground that is independent of federal law and adequate to support the judgment. Walker v. Martin, __ U.S. __, 131 S.Ct. 1120, 1127 (2011); Coleman v. Thompson, 501 U.S. 722, 750 (1991). The doctrine is based on principles of comity and federalism. Id. at 730. Procedural default will bar federal habeas corpus review so long as the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

To be deemed adequate, the state law ground for decision must be well-established and consistently applied. Walker, at 112-1128; Beard v. Kindler, 558 U.S. __, 130 S.Ct. 612, 618 (2009); Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999) ("A state procedural rule constitutes an adequate bar to federal court review if it was 'firmly established and regularly followed' at the time it was applied by the state court.") (*quoting* Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 (1991)). Although a state court's exercise of judicial discretion will not necessarily render a rule inadequate, the discretion must entail "'the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits.'" Walker, at 1127-1128. To be independent, the state rule must not be interwoven with federal law or dependent upon a federal constitutional ruling. Coleman, 501 U.S. at 755; Ake v. Oklahoma, 470 U.S. 68, 75 (1985). If both of these conditions are met, then the federal court is barred from reviewing the merits of the claims, unless the petitioner can

demonstrate cause and prejudice, or, alternatively, a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

Here, the California Court of Appeal expressly imposed the procedural bar which requires certain claims to be pursued on direct appeal, citing In re Walker, 10 Cal.3d 764, 773-75 (1974). In Walker, the appellate court stated that a "petitioner who fails to file a notice of appeal is barred in subsequent petitions for writ of habeas corpus from raising issues which would have been cognizable in an appeal." Thus, under California law

> "habeas corpus cannot serve as a substitute for appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction."

Walker, 10 Cal.3d at 773 (quoting In re Dixon, 41 Cal.2d 756, 759 (1953)).

Respondent argues the procedural rule pronounced in Walker and Dixon is both independent and adequate, citing Protsman v. Pliler, 318 F.Supp.2d 1004, 1007-1008 (S.D. Cal. 2004) (finding Dixon bar applied post-1998 to be both adequate and independent of federal law).

The Ninth Circuit Court of Appeals has determined that, prior to 1998, the Dixon rule was not independent of federal law. Park v. California, 202 F.3d 1146 (9th Cir. 2000). In Park, the Court held that because a fundamental constitutional error exception to the Dixon rule existed under state law, application of the Dixon rule necessarily involved consideration of federal law and was not "interwoven with the federal law." Id. at 1152-1153. Two years prior, the California Supreme Court explicitly stated that it would no longer consider whether an error alleged in a state petition constituted a federal constitutional violation. In re Robbins, 18 Cal.4th 770, 811-812 & n.32 (1998). In Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003), the Ninth Circuit found that the California Supreme Court's denial of a habeas petition for untimeliness constituted an independent and adequate state ground barring federal review:

> [W]e respect the California Supreme Court's sovereign right to interpret its state constitution independent of federal law. Applying Robbins prospectively, we affirm the district court's determination that the California Supreme Court's post-Robbins denial of [a] state petition for lack of diligence (untimeliness) was not interwoven with federal law and therefore is an independent procedural ground.

Applying the rationale set forth in Bennett, the Court finds that a post-Robbins invocation of the Dixon rule is independent of federal law. Indeed, Petitioner concedes that the Dixon bar is independent of federal law.

In Park, the Ninth Circuit noted that the California Supreme Court's decisions in In re Clark, 5 Cal.4th 750 (1993) and In re Harris, 5 Cal.4th 813 (1993), "were intended to 'reestablish California's procedural rules governing state habeas petitions and clearly define and limit the applicable exceptions.'" Park, 202 F.3d at 1151-1152 (quoting Fields v. Calderon, 125 F.3d 757, 763-764 (9th Cir. 1997).) Since both Clark and Harris were decided in 1993, these decisions had been the law for several years at the time of Petitioner's procedural default. The Dixon rule was established in 1953. Thus, given the longevity of this rule, and the California Supreme Court's decisions defining and limiting the applicable exceptions, the Dixon rule was well-established at the time of Petitioner's default.

Respondent has satisfied his burden of pleading the existence of an independent and adequate state procedural ground, and the burden therefore shifts to Petitioner to put the defense in issue. Bennett, 322 F.3d at 586.

Petitioner argues that Dixon is not adequate because it has never been consistently and regularly applied to claims that are based on facts outside the record. (Traverse at 4-5.) Petitioner's claim does not refute Respondent's allegation that the claim is procedurally barred. Petitioner fails to set forth any specific instances in which the state court has inconsistently applied the Dixon bar to claims based on facts outside the record. Accordingly, Petitioner has failed to meet his burden under Bennett.

Nor has Petitioner made any showing for his failure to file a direct appeal or a fundamental miscarriage of justice sufficient to excuse the absence of cause for the default.

In the alternative, Petitioner seeks relief from the default by arguing that his trial counsel was ineffective for failing to advise him to pursue the underlying constitutional claim on appeal. The state appellate court rejected this claim citing Roe v. Flores-Ortega, 528 U.S. 470, and found a claim of ineffectiveness did not excuse the default because "to file an appeal does not require that an inmate know of specific issues which he can raise in the appeal." (Lod. Doc. 11.) Under

Flores-Ortega, counsel may be deemed ineffective for failing to file a notice of appeal only if defendant can demonstrate that he directed counsel to pursue such appeal and counsel failed to do so, or nonfrivolous grounds for appeal were present and there is a reasonable likelihood Petitioner would have appealed absent counsel's failure to do so. Under these circumstances, it is reasonable to infer from counsel's waiver of appellate notification at the sentencing hearing that Petitioner and his counsel had discussed the possibility of appeal and decided to forfeit it. Therefore, Petitioner's procedural default is unexcused and this Court is barred from reviewing the merits of Petitioner's underlying claims. Walker, 131 S.Ct. at 1127; Coleman, 501 U.S. at 729. Even assuming, arguendo, that this claim was not procedurally barred, as discussed below, the claim fails on the merits.

B. Analysis of Merits

There is no merit to Petitioner's claim that a juvenile adjudication cannot qualify as a strike under California's Three Strikes law. See e.g. Kessee v. Mendoza-Powers, 574 F.3d 675, 678 (9th Cir. 2009) (rejecting argument that Supreme Court precedent clearly establishes a bar against using juvenile adjudications as strikes) (citing Boyd v. Newland, 467 F.3d 1139, 1152 (9th Cir. 2006). The Supreme Court has held that there is no constitutional requirement to a trial by jury in the juvenile adjudication proceedings. McKeiver v. Pennsylvania, 403 U.S. 528, 545 (1971). The Court has also "repeatedly upheld recidivism statutes 'against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." Parke v. Raley, 506 U.S. 20, 27 (1992) (citing Spencer v. Texas, 385 U.S. 554, 560 (1967).

In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Supreme Court overturned a sentencing scheme that allowed a state judge to enhance a defendant's penalty beyond the prescribed statutory maximum upon finding, by a preponderance of the evidence, that the defendant "acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation, or ethnicity." Apprendi v. New Jersey, 530 U.S. at 469. The Supreme Court reversed, holding that "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to jury, and

proved beyond a reasonable doubt." Id. at 490. (Emphasis added.)

In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), the Court explained that the "statutory maximum" for *Apprendi* purposes is the "maximum" sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum " is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional facts." Id. at 303-304.

In Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), the Supreme Court overruled the holding in Black, and held that the middle term in California's determinate sentencing law was the relevant statutory maximum for the purpose of applying Blakely and Apprendi. Id. at 868. Specifically, the Court held that imposing the upper sentence violated the defendant's Sixth and Fourteenth Amendment right to a jury trial because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence." Id. at 860. The Court reiterated "*Apprendi's* bright-line rule" that

> [e]xcept for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

Cunningham, at 288-289 (quoting Apprendi).

Thus, under Apprendi and Cunningham, a judge may constitutionally impose an enhanced sentence beyond the statutory maximum based solely upon the judge's determination the defendant suffered a prior conviction. Petitioner cites to the Ninth Circuit's opinion in United States v. Tighe, 266 F.3d 1187, 1191-1192 (9th Cir. 2001) claiming that the "prior conviction" exception to Apprendi's jury trial requirement does not extend to juvenile adjudications. However, subsequent to the holding in Tighe, the California Supreme Court, along with several other federal circuits, have all found that Apprendi's exception includes nonjury juvenile adjudications. Boyd, 467 F.3d at 1152; People v. Nguyen, 152 Cal.App.4th 1205, 1019 (2007).

Furthermore, Petitioner pled "no contest" to each of the five counts and expressly admitted "the allegation of a strike" based upon his prior juvenile adjudication for robbery. Thus, regardless of whether or not Apprendi's exception applies to juvenile adjudications, Petitioner elected to waive any statutory right to a jury trial as to the juvenile adjudications in exchange for a reduced sentence. After receiving the benefit of the plea bargain, Petitioner cannot now complain the lack of a jury finding on the prior juvenile adjudications violated his constitutional right to the exact finding he personally admitted. Accordingly, the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d); Richter, 131 S.Ct. at 785-786.

IV. Violation of Right to Jury Trial Under Cunningham

Petitioner also contends that the use of his prior juvenile adjudication for robbery to enhance his sentence under California's Three Strikes law violated his right to a jury trial under Cunningham. Petitioner first raised this claim before the Tulare County Superior Court, which rejected it on the merits. (Lod. Doc. 6 at 4, 13; Lod. Doc. 8 at 1.) He then presented the claim to the California Court of Appeal, which found it to be procedurally barred under Walker/Dixon. (Lod. Doc. 10 at 4; Lod. Doc. 11.)

As with the previous claim, the Court is barred from reviewing this claim because the state court denied it on the state procedural rule of Walker/Dixon which is both adequate and independent of federal law. Petitioner has not made a showing that the default is excused by his insufficient allegation of ineffective assistance of counsel. This claim also fails on the merits because there is no clearly established Supreme Court precedent which requires a trial by jury for determining whether the defendant suffered a prior juvenile adjudication. Accordingly, this claim also lacks merit.

V. Ineffective Assistance of Trial Counsel

Petitioner claims in summary terms that his trial counsel was ineffective for failing to file a "Notice of Appeal" on his behalf to challenge his alleged unlawful sentence. Petitioner also claims counsel failed to advise him of the ramifications of accepting the terms of the plea. Petitioner raised this contention only to the California Supreme Court by way of a petition for

writ of habeas corpus which cited to an attached exhibits entitled a "traverse" response to procedural ruling by state appellate court. The California Supreme Court summarily denied the claim. Therefore, this claim was denied on the merits. Pinholster, 131 S.Ct. at 1402; Richter, 131 S.Ct. at 784.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; Harrington v. Richter, 131 S.Ct. at 788 ("The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must also evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994). More precisely, petitioner must show that (1) his attorney's performance was unreasonable under prevailing professional norms, and, unless prejudice is presumed, that (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. It is not enough "'to show that the errors had some

conceivable effect on the outcome of the proceeding.'" Richter, 131 S.Ct. at 787 (internal citation omitted).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984). Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail. Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000). Weighall v. Middle, 215 F.3d 1058, 1062 (2000).

A. Failure to File a Notice of Appeal

Petitioner argues that his counsel was ineffective for failing to file a notice of appeal on his behalf. However, there is no evidence that Petitioner ever asked counsel to file a notice of appeal, or, if he asked, whether counsel ever agreed to do so. Contrary to Petitioner's claim, it is reasonable to infer from the waiver of appellate notification at the sentencing hearing that Petitioner and his counsel discussed the possibility of filing an appeal and decided not to do so.

Furthermore, California law generally bars a defendant from challenging the terms of his/her plea bargain on appeal absent a certificate of probable cause. Cal. Penal Code § 1237.5; People v. Panizzon, 13 Cal.4th 68, 75-76 (1996). "The purpose for requiring a certificate of probable cause is to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas." Panizzon, at 75. Where, as in this case, "the defendant agrees to a bargain which includes a specific or indicated sentence, and if that is the sentence actually imposed, the defendant's waiver will foreclose appellate review of the sentence." In re Uriah R., 70 Cal. App. 4th 1152, 1157 (1999).

Pursuant to the plea bargain, Petitioner received the bargained for sentence and is effectively precluded from challenging the length of his sentence on appeal. Because he received the benefit of the bargain, Petitioner should not be allowed to now challenge such bargain by way of collateral review. Under these circumstances, it is not reasonably likely that Petitioner would have agreed to file a notice of appeal or that Petitioner would have filed on his own behalf. Thus, Petitioner cannot demonstrate a reasonable likelihood that he would have

personally filed a notice of appeal, nor has Petitioner demonstrated any nonfrivolous grounds for such appeal. Petitioner's ineffective assistance of counsel claim is without merit and the state court's rejection of this claim was not contrary to, or an unreasonable application of, controlling Supreme Court precedent. 28 U.S.C. § 2254(d); Richter, 131 S.Ct. at 785-786.

B. Failure to Properly Advise of Consequences of Plea

Petitioner also contends in conclusory terms that counsel failed to advise him of the ramifications of accepting the terms of the plea.

Petitioner's claim is without factual support. Petitioner fails to specify what particular "ramifications" were omitted from counsel's advisements, nor does he indicate whether he would have rejected the plea and proceeded to trial if he knew of the unspecified ramifications.

Contrary to Petitioner's claim the record confirms that counsel affirmatively stated at the plea hearing that he "had enough time to talk to [Petitioner]" about the "nature of the charges, consequences of his plea, any possible defenses...." (Lod. Doc. 2, at 4.) At the hearing, Petitioner was specifically advised that he was required to serve 85% of his sentence; he was subject to a three-year parole term upon release; he may be deported, denied citizenship, or naturalization; and he will be subject to the Three Strikes law as a second-striker for any new felony offenses. (Id. at 1-2.) Petitioner was also advised of his constitutional rights, which he acknowledged and knowingly and voluntarily waived in exchange for a low-term sentence of nine years and four months. Thus, there is no merit to Petitioner's claim.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED;
2. The Clerk of Court is directed to enter judgment in favor of Respondent; and
3. The court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926,

943 (9th Cir. 2006) (same). In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

**Dated: August 24, 2011** **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE